IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:20-cv-03321-DDD-SKC**

WADE MURPHY, an individual
    Plaintiff/Counter Defendant,

v.

JOHN EDDY, an individual
    Defendant/Counter Claimant.

**JOINT STATUS REPORT**

Plaintiff/Counterclaim Defendant Wade Murphy ("Plaintiff" or "Mr. Murphy") and Defendant/Counterclaim Plaintiff John Eddy ("Defendant" or "Mr. Eddy"), pursuant to this Court's Minute Order dated December 22, 2021 (ECF #34), hereby submit the following Joint Status Report. Plaintiff and Defendant shall hereinafter collectively be referred to as the "Parties."

**1.  NATURE OF DISPUTE BETWEEN THE PARTIES**

Plaintiff:

This is a simple breach of promissory note case. Mr. Murphy, personally, loaned $950,000 to Mr. Eddy, personally. The loan was memorialized in a promissory note (the "Note") executed by Mr. Eddy for the benefit of Mr. Murphy in the amount of $950,000. The Note, which was attached to Mr. Murphy's Complaint (ECF #1) as Exhibit A, provides for a variable interest rate, as well as a default interest rate and other fees.

To date, Mr. Eddy has paid only $200,000 of principal on the Note and only $60,000 in interest. It is undisputed that Mr. Eddy has not paid all of the principal and interest due on the Note. Mr. Murphy initiated this action for breach of the Note and declaratory judgment, seeking to recover all amounts due under the Note, including the remaining principal, accrued interest, late payment charges, and reasonable attorneys' fees and costs.

There is no relationship between the Note and CJ Holdings—an Arkansas limited liability company whose sole members are Mr. Eddy and his business partner, Clay Baldwin—other than that Mr. Eddy may have used some of the money loaned to him by Mr. Murphy to fund CJ Holdings. Nor is CJ Holdings a "portfolio company" of SourceRock or liable to Mr. Murphy. And there was certainly no agreement between the parties that Mr. Eddy would not be personally liable under the Note; in fact, Mr. Eddy made payments to Mr. Murphy under the Note.

The reason that there may have been confusion relating to how the Note was characterized in Mr. Murphy's personal financials is because Mr. Eddy was instrumental in preparing such financials. Indeed, given Mr. Eddy's purported financial experience, Mr. Eddy had access to and provided significant input on Mr. Murphy's financials, and the reason that Mr. Eddy is no longer associated with SourceRock is because he misappropriated millions of dollars of money belonging to Mr. Murphy, his family, and SourceRock Partners. But the release of and withdrawal by Mr. Eddy—by and from SourceRock, in which Mr. Murphy is not the sole partner—had nothing to do with the personal loan made by Mr. Murphy to Mr. Eddy. Accordingly, Mr. Eddy continues to be personally liable under the Note.

Defendant:

Plaintiff grew up in a relatively small town in Arkansas with Defendant's wife. Plaintiff's mother and the mother of Defendant's wife were close friends. After Defendant married his wife, Plaintiff and Defendant became friends. Plaintiff, whose family earned significant wealth through the oil business, then began to pursue various ventures with Defendant.

One of those ventures involved an entity known as CJ Holdings, which Defendant formed with another friend named Clay Baldwin. That entity was formed to pursue opportunities to renovate existing homes and to trade mortgage portfolios, which was Mr. Baldwin's business. Plaintiff indicated he wanted to become involved in that company through making a loan. That loan was originally going to be directly between Plaintiff and CJ Holdings, but at the ultimately Plaintiff asked that the loan be made between himself and Defendant personally because Plaintiff wanted to create legal distance between himself and CJ Holdings due to potential liability risks. Plaintiff agreed, however, that Defendant would not be personally liable for repaying the loan. As a result, Defendant executed the Note that is the subject of Plaintiff's claims in his personal capacity, rather than on behalf of CJ Holdings.

Plaintiff and Defendant thereafter formed a business venture called SourceRock Partners, which was intended to be a vehicle to hold all of their existing ventures and to be a platform for new ventures. Because CJ Holdings was one of those mutual ventures, it was identified as a portfolio company on the SourceRock Partners website and also in internal SourceRock Partners documents.

Additionally, consistent with the agreement between Plaintiff and Defendant that the Note was actually intended to be a liability of CJ Holdings and not a liability of Defendant personally, Plaintiff's personal financial statements – which he now tries to claim were prepared without his knowledge of input, but which prior to this litigation he personally certified were true and correct to the best of his knowledge – consistently listed the Note as a liability of CJ Holdings, not of Defendant personally.  Also consistent with the agreement between Plaintiff and Defendant that Plaintiff would not seek to hold Defendant liable under the Note, Plaintiff never asserted that the Note was a personal liability of Defendant and never asked Defendant to pay interest or principal on the Note until there was a breakdown of the personal relationship between Plaintiff and Defendant.

That breakdown occurred when Defendant, after repeated instances of abusive conduct by Plaintiff, indicated he wanted to withdraw from SourceRock Partners.  Plaintiff then accused Defendant of betraying Plaintiff and in connection with that emotional outburst made numerous false accusations of misconduct against Defendant.  Ultimately, Defendant and Plaintiff agreed to terms under which Defendant would withdraw from SourceRock Partners.  That agreement was intended to constitute a complete release of claims.  Accordingly, Defendant understood that release included any claims relating to CJ Holdings and the Note.

Nonetheless, as part of his effort to lash out at Defendant for his perceived betrayal, Plaintiff filed this lawsuit contending that Defendant is personally liable for the Note despite the years-long course of conduct and repeated acknowledgment in Plaintiff's personal financial statements establishing that Defendant has no personal liability under the Note.

**2.     PROSPECTS FOR SETTLEMENT**

The Parties have engaged in settlement discussions in good faith throughout the pendency of this litigation. However, the Parties agree that at this time it is unlikely they will reach an agreement that will resolve the dispute and dispose of this action.

**3.     MUTUALLY AGREEABLE DATES FOR TRIAL AND ANTICIPATED LENGTH OF TRIAL**

The Parties anticipate a three-day trial to the Court. The Parties are available for such trial beginning on the following mutually agreeable dates in June and July:  Monday, June 20, 2022, or Monday, June 27, 2022.  The Parties' and their counsels' schedules do not otherwise align in May, June, or July 2022.  However, the Parties and their counsel are also available for trial beginning on August 8, 2022.

**4.     OTHER ISSUES**

Each Party has indicated to the other that they believe there are additional documents that should have been disclosed, but the Parties believe they will be able to resolve those issues. Subject to the Court's preference and the state of the coronavirus pandemic at the time of trial, the Parties ask that trial be held in person, with the option of calling witnesses by videoconference.

Respectfully submitted this 11th day of January, 2022.

| | |
|---|---|
| *s/   Justin L. Cohen* | *s/       Peter Forbes* |
| Justin L. Cohen, #44811 | Peter Forbes, #14081 |
| Bridget C. DuPey, #53958 | CARVER SCHWARZ MCNAB KAMPER & |
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | FORBES LLC |
| 410 Seventeenth Street, Suite 2200 | 1888 Sherman Street, Suite 400 |
| Denver, CO   80202-4432 | Denver CO 80203 |
| Telephone:     303-223-1100 | Telephone: (303) 893-1827 |
| Fax:               303-223-1111 | Fax: (303) 893-1829 |
| Email:            jcohen@bhfs.com | Email: pforbes@csmkf.com |
|                       bdupey@bhfs.com | |
| | *Attorney for Defendant/Counter Claimant* |
| *Attorneys for Plaintiff/Counter Defendant* | |

**DDD Civ. P.S. III(A)(1) Certification:**  I hereby certify that the foregoing pleading totals 1,397 words, excluding the caption, signature block, certificate of service, and this certificate of compliance, and it therefore complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) and the Order.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2022, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Peter Forbes
CARVER SCHWARZ MCNAB KAMPER & FORBES LLC
1888 Sherman Street, Suite 400
Denver CO 80203
Telephone: (303) 893-1827
Fax: (303) 893-1829
Email: pforbes@csmkf.com

*Attorney for Defendant*

                                              *s/Paulette M. Chesson*
Paulette M. Chesson, Paralegal
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
303-223-1100; *fax* 303-223-1111